**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARDIAN SETIAWAN, | No. 09-70894 |
| Petitioner, | |
| | Agency No. A098-269-281 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Ardian Setiawan, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Setiawan established extraordinary circumstances excusing his untimely asylum application. *See* 8 C.F.R.§ 1208.4(a)(5). Accordingly, Setiawan's asylum claim fails.

Substantial evidence supports the agency's finding that the harms Setiawan experienced in Indonesia do not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (being twice beaten, robbed, and accosted by a threatening mob did not compel finding of past persecution). In addition, even as a member of a disfavored group, Setiawan has not shown sufficient individualized risk to establish a clear probability of persecution in Indonesia. *See id.* at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Further, the record does not compel the conclusion that there is a pattern or practice of persecution of ethnic Chinese in Indonesia. *See id.* at 1061-62. Accordingly, Setiawan's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Setiawan failed to establish it is more likely than not that he would be

tortured in Indonesia by or with the consent or acquiescence of the Indonesian government.  *See id.* at 1067-68.

**PETITION FOR REVIEW DENIED.**